## BYERS, Estate of, In re.

Ohio Appeals, Second District, Franklin County.

No. 4531. Decided December 4, 1950.

Bowers, Stafford & Bowers, New Philadelphia, for Esther M. Wolf, appellant.

John C. Fergus, Columbus, for appellee, Carl F. Fergus, Admr., etc.

### OPINION

By THE COURT.

Submitted on motion by the plaintiff-appellee seeking an order dismissing the appeal on law and fact for the reason that it is not a case in chancery and is therefore not so appealable. The record discloses that the action was brought

pursuant to the provisions of §10506-67 GC for the purpose of discovering concealed assets.

This is not a chancery case and the motion will be sustained. The case will be retained, however, for determination on appeal on questions of law only. The appellant will be granted the time provided for by Supplement to Rule VII of this Court in which to perfect the said appeal. Motion for extension of time is sustained in accordance with this opinion.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON LAW APPEAL FROM A JUDGMENT

### No. 4531. Decided January 25, 1951.

By THE COURT.

This is a law appeal from a judgment of the Probate Court finding the appellant, Esther M. Wolf, guilty of concealing assets belonging to the Estate of Sylvia J. Byers, deceased.

Briefly stated the record reveals that the said Sylvia J. Byers was critically ill with no available funds for hospitalization or medical attention, but that she did own a certain piece of real estate. In order to obtain the necessary money she decided several weeks before her decease to sell the property, granting to her daughter, Esther M. Wolf, appellant, full power of attorney to sell and "deposit my money in her name." The property was accordingly sold but the proceeds were deposited in a financial institution in a joint or survivorship account in the name of Sylvia J. Byers or Esther M. Wolf. The appellant is now in possession of the balance of this money after the payment of all necessary expenses. She testified that the account was opened in accordance with the express wishes of her mother, which, if true, would constitute a gift inter vivos.

The record reveals further that several months prior to the granting of the power of attorney the decedent made a will by which she bequeathed to her husband that part of her estate to which he would be entitled under the laws of descent and distribution and the residue to her three children. The record does not reveal that the power of attorney was ever revoked. The appellant was not corroborated in her statement that the money was deposited in accordance with her mother's request. The appellant is contending that the judgment of the Court is against the manifest weight of the evidence. In giving consideration to all of the evidence presented we cannot concur in this conclusion. We think the law is well stated in Caple, Admr., v. Crane, 31 Oh Ap 6, Judge Williams saying on page 7:

"We think the rule is that, where the donor is dead, one one who seeks to establish title to personal property by gift inter vivos from the deceased donor must support his claim by clear and convincing evidence. **Flanders v. Blandy, 45 Oh St, 108, 12 N. E., 321; Van Pelt, Exr., v. King, 22 Oh Ap 295, 143 N. E. 163.**"

The rule of law here pronounced is fully supported in 20 O. Jur. 66.

The trial court found that the evidence was not sufficient to establish an intent to make a gift, saying in his opinion:

"Her testimony was unsupported by any other testimony. The Court, of course must consider the interest of Mrs. Wolf in her testimony. Her testimony was a self-serving declaration * * * one of the most significant things * * * is the fact that the dealings of Mrs. Wolf in the proceeds of the property were entirely contrary to the testamentary plan of her mother as shown by her will. It is not only contrary to the testamentary plan, as shown by her mother, but contrary to the provisions of the power of attorney."

Since the trial court is the sole judge of the credibility of the witnesses we cannot say that it erred in failing to give full credence to her testimony.

It is further claimed that the Court abused its discretion by denying the appellant the right to be heard or present briefs at the conclusion of the trial, but the record does not disclose that such a request was made by counsel. It merely shows that at the conclusion of the case the Court said:

"I am ready to decide this matter now. Ordinarily, if there is any doubt in the mind of the Court, the Court will invite counsel to give their opinions; and if there are any legal questions, the Court invites counsel to submit briefs in support of their respective contentions. In this case, there is no matter of fact about which the Court is in doubt; no legal questions in which the Court has any doubt, and therefore the Court will proceed now to decide this matter."

We find no prejudicial error in this assignment. Finding no error in the record, the judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.